UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FRANK ULBRIK, JR.,**

        **Plaintiff,**          **CIVIL ACTION NO. 08-CV-13764**

 **VS.**                         **DISTRICT JUDGE JULIAN A. COOK**

**UPR PRODUCTS, INC.,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendant.**

_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL MORE SPECIFIC ANSWERS TO PLAINTIFF'S INTERROGATORIES AND REQUEST TO PRODUCE DATED 5/26/09 (DOCKET NO. 28), STRIKING DEFENDANT'S UNTIMELY RESPONSE (DOCKET NO. 37) AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL MORE SPECIFIC ANSWERS TO INTERROGATORIES DATED 10/07/08, COMPEL EXPERT DEPOSITIONS, AND TO EXTEND SCHEDULING ORDER (DOCKET NO. 29)</u>**

These matters come before the Court on two motions. The first motion is Plaintiff's Motion To Compel More Specific Answers To Plaintiff's Interrogatories And Request To Produce Dated 5/26/09, filed on November 20, 2009. (Docket no. 28). The Court will strike Defendant's untimely Response To Plaintiff's Motion (docket no. 37) which, despite being due on December 7, 2009, was filed without leave of Court on February 26, 2010. (Docket no. 37). E.D. Mich. LR 7.1(e)(2)(B). The second motion is Defendant's Motion To Compel More Specific Answers To Interrogatories Dated 10/07/08, Compel Expert Depositions, And To Extend Scheduling Order filed on November 25, 2009. (Docket no. 29). Plaintiff filed a response on December 9, 2009. (Docket no. 32). The parties filed a Joint Statement Of Resolved And Unresolved Issues regarding both motions on March 2, 2010. (Docket no. 38). These matters were referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 34). On March 10, 2010 the Court heard oral argument on both matters.

1. **Facts and Claims**

This action was removed from Macomb County Circuit Court on the basis of diversity jurisdiction in September 2009. On November 24, 2008 Plaintiff filed an Amended Complaint. (Docket no. 9). Plaintiff brings claims for negligence, product liability and breach of warranty. Plaintiff describes the Defendant as the manufacturer of racing products to be used by its customers to transform stock passenger vehicles into race cars. (Docket no. 9). Plaintiff's decedent Michael Anthony Ulbrik acquired a 1988 Mustang vehicle equipped with a left front control arm manufactured by Defendant. On October 12, 2006 Plaintiff's decedent Michael Anthony Ulbrik was operating the Mustang with his brother, Plaintiff's decedent Christopher Ryan Ulbrik, as a passenger when he lost control of the vehicle, resulting in the fatal accident that is the subject of this suit. Plaintiff alleges that the accident was the result of the control arm breaking, fracturing and/or malfunctioning.

2. **Plaintiff's Motion To Compel (Docket no. 28)**

Plaintiff served a set of Interrogatories, Request For Production Of Documents (sic) Request For Admissions To Defendant on May 26, 2009. (Docket no. 28-3). Defendant served Responses and Answers on June 24, 2009. (Docket no. 28-4). Correspondence between the parties ensued and despite Defendant serving supplemental answers on September 11, 2009, followed by further correspondence, Plaintiff alleges that the answers and responses remain deficient. Plaintiff asks the Court to compel answers and responses from Defendant and order costs. According to the parties' Joint Statement, the remaining unresolved issues were Interrogatory Nos. 2b, 2c, 2d, 2e, 2f, 2g, 2i, 2j and 2k. The parties resolved additional issues prior to the hearing and during the hearing

Plaintiff's counsel stated on the record that he is withdrawing Interrogatory Nos. 2(e), 2(f) and 2(i) and Request to Produce 2(k).

First, Plaintiff alleges that Defendant's answers to the Interrogatories are unsigned. Rule 33(b), Fed. R. Civ. P., requires that each interrogatory be answered separately and fully in writing under oath, to the extent that it is not objected to. Fed. R. Civ. P. 33(b)(3). "The person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). Defendant's answers produced on June 24, 2009 are signed by the attorney, but not Defendant. (Docket no. 28-4). Defendant's Supplemental Answers served on September 11, 2009 are properly signed by both Defendant and its attorney. (Docket no. 28-6). The Court will order Defendant to serve its June 24, 2009 Answers To Interrogatories properly signed by both Defendant and its attorney in compliance with Rule 33.

Interrogatory No. 2(b) asks Defendant to identify time periods during which Defendant has manufactured UPR Part No. 2002-01 with "seamless" parts and/or "seamless molys," and the time period during which Defendant manufactured UPR Part No. 2002-01 with parts that were not seamless. Defendant answered with an objection and stated that "[u]pon information and belief, [Defendant] has always utilized seamless chrome moly as the primary tubing incorporated into UPR Part No. 2002-01." (Docket no. 28-4). At the hearing, the parties agreed that Defendant would amend its answer to provide more detail regarding three additional parts. The Court will order the same.

Interrogatory No. 2(c) asks Defendant to list the names and contact information, business titles and positions, employment background and educational background "for each individual involved in each determination to use and/or not use seamless parts." (Docket no. 28-3). Defendant

in its Supplemental Answer named "Joe Mainiero and/or Mark Mainiero with the assistance or advise (sic) of their suppliers." (Docket no. 28-6). At the hearing, the parties agreed that Defendant will amend its answer to state whether it has the name and other identifying information of suppliers and individuals at suppliers.

Interrogatory No. 2(d) asks Defendant to identify "any and all facts, circumstances and considerations, from a cost standpoint, for each determination set forth in response to subparagraph b." Defendant provided a Supplemental Answer that "[u]pon information and belief, [Defendant] has always utilized seamless chrome moly as the main body tubing incorporated into UPR Part No. 2002-01. Upon information and belief, there was no specific analysis of the 'factors related to costs utilized in making what apparently was the determination.'" (Docket no. 28-6). Plaintiff argues that the use of the word "specific" in Defendant's answer implies that some analysis was done. The Court will order Defendant to state whether or not any cost analysis was undertaken relative to the determinations of whether to use seamless or seamed parts and/or molys and, if so, Defendant must answer the Interrogatory in full.

Interrogatory No. 2(g) asks Defendant to identify "any and all facts, circumstances and considerations, from a safety standpoint, for each determination set forth in response to subparagraph b." Defendant answers that it "has always utilized seamless chrome moly as the main body tubing incorporated into UPR Part No. 2002-01," notes that the phrase "from a safety standpoint" is undefined, and further states that Defendant "indicates that chrome moly is a strong lightweight material." (Docket no. 28-6). Plaintiff argues that Defendant, as a "manufacturer of these types of products, understands what 'from a safety standpoint' means" and that Defendant's answers 'does not identify any safety factors which is what the question asks." (Docket no. 38).

4

Interrogatory No. 2(g) is vague and ambiguous as written. As the Court stated on the record at the hearing, Defendant's answer is sufficient.

Interrogatory No. 2(j) asks Defendant to "provide a detailed explanation of any and all potential disadvantages resulting from the failure to use a seamless part and/or a 'seamless moly' in the construction of a part such as UPR Part No. 2002-01." Defendant objected that the Interrogatory is vague, ambiguous, and seeks information not relevant and not calculated to lead to the discovery of admissible evidence." Defendant also stated that it "always utilized seamless chrome moly as the main body tubing incorporated into UPR Part No. 2002-01" and that all of the potential disadvantages "are not know to [Defendant]." (Docket no. 28-6). Plaintiff argues that he asked for "*any* and all potential disadvantages" and that Defendant's response "is clearly phrased in a different manner than the question posed." (Docket no. 38). The Court finds that Interrogatory No. 2(j) asks for speculation and is not limited to relevant information and Defendant's answer is sufficient. Fed. R. Civ. P. 26(b)(1).

The Court will deny Plaintiff's request for attorneys fees and costs, finding that a number of Defendant's objections and answers were substantially justified, including answers and objections to some of the Interrogatories which were withdrawn by Plaintiff, and the circumstances of the motion and discovery requests make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

**3.    Defendant's Motion To Compel Answers and Expert Depositions and Extend Scheduling Order (Docket no. 29)**

   **a.    Defendant's Interrogatories**

Defendant served Interrogatories on Plaintiff on October 9, 2008. (Docket no. 29-3). Defendant argues that despite Plaintiff's answers being due on November 6, 2008, Plaintiff did not

serve answers until January 15, 2009. (Docket no. 29). According to the Joint Statement, Plaintiff's Answers to Defendant's Interrogatory Nos. 42, 45 and 51 remain unresolved.

Interrogatory No. 42 asks Plaintiff to set forth "[a]s to each next of kin claiming pecuniary loss . . .the specific dollar amount of support which each next of kin is claiming he/she received and set forth when the support in this amount was received, and each and every document upon which he/she will rely to support such claim." (Docket no. 29-3). In his December 8, 2008 Answers, Plaintiff stated on behalf of each decedent that it was "[u]nknown at this time." (Docket no. 29-4). In the Joint Statement the parties stated that Plaintiff had amended his answer "to indicate that the decedents did not contribute economic support in the form of monetary payments," but that Plaintiff claims all damages available under Michigan's wrongful death statute or other Michigan law. (Docket no. 38). At the hearing, the parties agreed that Plaintiff would amend his answer to state that there are no claims for pecuniary loss other than loss of society and funeral expenses. The Court will order the same.

Interrogatory No. 45 asks Plaintiff to provide the "name and address and claim number of the insurer of the vehicle the decedent was operating, and which paid no fault benefits." (Docket no. 29-3). Defendant argues that Plaintiff provided a policy number, but not a claim number and that the insurance company cannot locate the claim without the claim number. Plaintiff in the Joint Statement states that he does not have a claim number. The Court will order Plaintiff to amend his answer to Interrogatory No. 45 and answer in full and if Plaintiff does not have the claim number, to so state in his answer and produce an affidavit of his counsel setting forth the specific steps taken to locate the claim number.

Interrogatory No. 51 asks Plaintiff to provide information regarding "any expert witness that Plaintiff has retained and/or intends to call at the trial of this case" and sets forth fourteen subparts seeking specific information which Defendant requests for each expert and/or the expert's report. Defendant argues that Plaintiff referenced multiple experts within its witness list(s) and discovery responses, but has identified only two experts who have been retained but not yet concluded their investigation. In the Joint Statement, Plaintiff alleges that its experts' investigations have been delayed due to Defendant's claim that it has no documentation due to a hurricane and Defendant's failure to answer Plaintiff's discovery with specificity. (Docket no. 38). Plaintiff served Supplemental Answers on December 4, 2009. (Docket no. 32-2).

The Court's Scheduling Order provides that any party "who proffers a witness as an expert, must provide the opponent and the Court with a written report and all other pertinent forms of disclosures (e.g., compensation and testimony in other cases) that are required under Fed. R. Civ. P. 26(a)(2) not later than ninety (90) days prior to the date of trial." (Docket no. 17). Trial is currently set for May 5, 2010 and the parties are within the 90 day period prior to the trial date. (Docket no. 17). At the hearing, Plaintiff's counsel narrowed his list of proposed expert witnesses to four whom he expects to use at trial: Bob McSwain[1], Dr. James Sprague, Dr. Nitan Paranjpe and David A. Moore. The Court will order Plaintiff to amend its answers to Interrogatory No. 51 to answer in full and by sub-part for each of the four named experts.

    b.    **Defendant's Motion To Compel Expert Depositions**

---

[1]At the hearing, the parties agreed that Bob McSwain's deposition had already been taken, yet Defendant's counsel objected that at that time, Mr. McSwain was not identified as an expert. The Court does not make findings herein regarding the qualifications of any of the experts named by either party.

Defendant argues that it has requested depositions of Plaintiff's experts but to date, no deposition has gone forward and Plaintiff has not provided any information regarding its experts' opinions. (Docket no. 38). Plaintiff argues that "Mr. McSwain has been deposed at length" and that the remaining experts can be deposed when Defendant provides the information which Plaintiff requested and the expert conclude their investigations. (Docket no. 38).

On May 28, 2009 Defendant noticed seven specific depositions duces tecum and included a request that each deponent bring with him or her all information received, consulted or reviewed in connection with the litigation. (Docket no. 29-6). Defendant alleges that the depositions did not go forward. At the hearing Plaintiff notified the Court that it still needs to take the depositions of Defendant's principals, Mark Mainiero and Joseph Mainiero and Defendant's experts, identified as Al Dunn and Dennis McGarry. The Court will order that all depositions be concluded by a date certain.

### c. Defendant's Request To Extend Scheduling Order

Plaintiff does not oppose Defendant's request to adjourn the scheduling order dates. Because most expert witness depositions have not yet been taken, at a minimum expert discovery will be ongoing. Furthermore, Defendant and Plaintiff will be ordered to supplement their written discovery responses. The Court finds good cause to extend the discovery deadline. Fed. R. Civ. P. 16(b)(4). The extension of the discovery deadlines will necessitate the extension of other deadlines. The Court, however, finds that Defendant's request for an additional ninety days is excessive and Defendant has not shown good cause for the same. Accordingly, Defendant's Motion for an Extension of Time will be granted as set forth below.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Compel More Specific Answers To Plaintiff's Interrogatories And Request To Produce Dated 5/26/09 (docket no. 28) is **GRANTED in part** and Defendant will serve on Plaintiff within 7 days of entry of this Order a signed copy of its June 24, 2009 Answers To Interrogatories, and will serve within 14 days of entry of this Order amended answers to Interrogatory Nos. 2(b), 2(c) and 2(d) as set forth herein.

**IT IS FURTHER ORDERED** that Defendant's untimely Response To Plaintiff's Motion To Compel (docket no. 37) is **STRICKEN** from the docket.

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's Motion To Compel (docket no. 28) is **DENIED**, including Plaintiff's request to compel more specific answers to Interrogatory Nos. 2(g) and 2(j) and Plaintiff's request for attorneys fees and costs.

**IT IS FURTHER ORDERED** that Defendant's Motion To Compel More Specific Answers To Interrogatories Dated October 7, 2008, Compel Expert Depositions, And To Extend Scheduling Order (docket no. 29) will be **GRANTED in part** and Plaintiff will serve on Defendant full and complete supplemental and/or amended answers to Interrogatory Nos. 42, 45 and 51, as set forth herein and expert reports within 21 days of entry of this Order and will produce all expert witnesses for deposition on or before April 30, 2010 at mutually convenient dates, times and locations to be noticed by Defendant.

**IT IS FURTHER ORDERED** that Defendant's Request to Extend Scheduling Order is granted and the following Scheduling Order dates are extended:

Closing date for outstanding discovery, depositions and expert depositions: **April 30, 2010.**

Deadline for filing dispositive motions: **June 01, 2010**.

Deadline for filing motions in limine: **November 01, 2010.**

Parties' request for Settlement Conference on or before **April 30, 2010.**
(Referral to Magistrate Judge if requested by counsel.)

Deadline for submitting Joint Pretrial Order: **November 01, 2010.**

Final Pretrial Conference date: **November 08, 2010 @ 10:00 a.m.**

Jury Trial: **November 16, 2010 @ 8:30 a.m.**


**IT IS FURTHER ORDERED** that the remainder of Defendant's Motion to Compel is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: March 12, 2010                     s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 12, 2010                     s/ Lisa C. Bartlett
                                          Case Manager