**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FRANK ULBRIK, JR.,**

    **Plaintiff,**    **CIVIL ACTION NO. 08-CV-13764**

 **vs.**          **DISTRICT JUDGE JULIAN A. COOK**

**UPR PRODUCTS, INC.,**   **MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendant.**
            /

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT UPR PRODUCTS, INC.'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES AND TO DISMISS THE ACTION DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH THIS COURT'S RECENT DISCOVERY ORDER (DOCKET NO. 42) AND GRANTING DEFENDANT UPR PRODUCTS, INC.'S MOTION TO SUSPEND 90-DAY EXPERT WITNESS REPORT FILING PENDING DECISION ON DEFENDANT'S MOTION TO DISMISS (DOCKET NO. 50)**

  These matters come before the Court on two motions. The first motion is Defendant UPR Products, Inc.'s Motion To Exclude Plaintiff's Expert Witnesses And To Dismiss The Action Due To Plaintiff's Failure To Comply With This Court's Recent Discovery Order filed on May 27, 2010. (Docket no. 42). With leave of Court, Plaintiff filed a Response on September 29, 2010[1]. (Docket no. 56). Defendant filed a Reply on July 1, 2010. (Docket no. 46). The second motion is Defendant UPR Products, Inc.'s Motion To Suspend 90-Day Expert Witness Report Filing Pending Decision On Defendant's Motion To Dismiss filed on August 18, 2010. (Docket no. 50). Plaintiff filed a Response on September 1, 2010. (Docket no. 53). Defendant filed a Reply on September 8, 2010. (Docket no. 54).

---

[1] Plaintiff's initial Response was stricken for non-compliance with Local Rule–Appendix ECF, R5(e). (Docket no. 55).

These matters were referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 48, 51). The Court dispenses with oral argument on these matters pursuant to E.D. Mich. LR 7.1(f)(2). (Docket nos. 49, 52).

**1.     Facts and Claims**

This action was removed from Macomb County Circuit Court on the basis of diversity jurisdiction in September 2008. On November 24, 2008 Plaintiff filed an Amended Complaint. (Docket no. 9). Plaintiff brings claims for negligence, product liability and breach of warranty. Plaintiff describes the Defendant as the manufacturer of racing products to be used by its customers to transform stock passenger vehicles into race cars. (Docket no. 9). Plaintiff's decedent Michael Anthony Ulbrik acquired a 1988 Mustang vehicle equipped with a left front control arm allegedly manufactured by Defendant. On October 12, 2006 Plaintiff's decedent Michael Anthony Ulbrik was operating the Mustang with his brother, Plaintiff's decedent Christopher Ryan Ulbrik, as a passenger when he lost control of the vehicle, resulting in the fatal accident that is the subject of this suit. Plaintiff alleges that the accident was the result of the control arm breaking, fracturing and/or malfunctioning.

**2.     Defendant's Motion To Exclude Plaintiff's Expert Witnesses And To Dismiss The Action (Docket no. 42)**

Defendant moves to dismiss this action alleging Plaintiff's "multiple failures" to comply with the Court's discovery order. Rule 37 provides for the sanction of dismissal upon the violation of a discovery order. Fed.R.Civ.P. 37(b)(2). Dismissal is a drastic action to be taken only as a last resort. *Shepherd v. ABC*, 62 F.3d 1469, 1478 (D.C.Cir.1995). For the reasons set forth herein, Plaintiff's violation can be sufficiently addressed with a lesser sanction than dismissal.

Defendant argues that Plaintiff has failed to produce expert reports for any expert except James K. Sprague and that Mr. Sprague's report did not comply with Fed. R. Civ. 26(a)(2)(B). (Docket no. 42 p.2, Concise Statement of Issues Presented). Plaintiff affirmatively states in his Response that he will not call Mr. Sprague as an expert witness. Plaintiff states that the only expert witness he intends to call is Bob McSwain. Therefore, issues related to Mr. Sprague and the two other named experts are moot. Defendant also argues that Plaintiff failed to provide complete answers to Defendant's interrogatories related to the experts, including Interrogatory No. 51[2]. Plaintiff argues that he adequately answered the Interrogatories. It remains undisputed that Plaintiff did not produce an expert report for Bob McSwain.

As set forth in the Court's March 12, 2010 Order (docket no. 39), the Court's June 24, 2009 Scheduling Order provided that any party "who proffers a witness as an expert, must provide the opponent and the Court with a written report and all other pertinent forms of disclosures (e.g., compensation and testimony in other cases) that are required under Fed. R. Civ. P. 26(a)(2) not later than ninety (90) days prior to the date of trial." (Docket no. 17). At that time the trial date was May 5, 2010. In the March 12, 2010 Order, the Court noted that at the time of the hearing the parties were within the 90-day period to produce expert reports. (Docket no. 39). The Court ordered Plaintiff to amend its answers to Interrogatory No. 51 to answer in full and by sub-part for each of the then-four named experts and the Court specifically ordered the following:

> Plaintiff will serve on Defendant full and complete supplemental and/or amended answers to Interrogatory Nos. 42, 45 and 51, as set forth herein *and expert reports*

---

[2] Interrogatory No. 51 asks Plaintiff to provide information regarding "any expert witness that Plaintiff has retained and/or intends to call at the trial of this case" and sets forth fourteen subparts seeking specific information which Defendant requests for each expert and/or the expert's report.

3

within 21 days of entry of this Order and will produce all expert witnesses for deposition on or before April 30, 2010 at mutually convenient dates, times and locations to be noticed by Defendant. (Docket no. 39 p. , emphasis added).

Plaintiff has failed to produce an expert report to Defendant for Plaintiff's only designated expert, Bob McSwain. Pursuant to Rule 26(a)(2)(B), Fed. R. Civ. P., the disclosure of expert testimony must be accompanied by a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). If a party failed to obey a discovery order, the court may issue further just orders including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(a)(3)(A), (B), (b)(2)(A)(ii) and (c)(1).

Nine months have passed since this Court ordered Plaintiff to produce its experts' reports. The Court also notes that this is the second time a deadline for expert reports has passed without the production of this report. Despite Mr. McSwain having been deposed once, as noted in the last Order, Defendant argues that the deposition was not taken with Mr. McSwain identified as an expert[3]. As Plaintiff's only designated expert witness, Mr. McSwain is required to produce a written

---

[3] Defendant states that Mr. McSwain's deposition was taken in September 2009 primarily because he was "a friend of the Plaintiff and had information regarding the vehicle itself." Mr. McSwain was also allegedly the person responsible for removing the control arms from the vehicle and disposing of the remaining portions of the vehicle. (Docket 46). The Court's ruling herein on Mr. McSwain's use as an expert witness is not intended be a determination of whether Mr. McSwain is a fact witness, which is not an issue before the Court.

4

report in compliance with Fed. R. Civ. P. 26(a)(2)(B). Plaintiff does not argue otherwise. Plaintiff merely argues that Mr. McSwain has been deposed and that Plaintiff has produced information relating to Mr. McSwain. (Docket no. 56 p.7, Ex. C). The information available in Plaintiff's supplemental response to Interrogatory No. 51 does not address all of the information required of a written expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B). (Docket no. 42-8, 56). Plaintiff has provided no explanation for his failure to produce Mr. McSwain's report or his failure to comply with the Court's order in this regard and this Court finds that the failures are not substantially justified. The Court also finds that the failures are not harmless where Defendant has been left without the expert's report and this expert is allegedly the only one to have dismantled the vehicle in question prior to its destruction and the filing of this action. For these reasons the Court will preclude Plaintiff from presenting Mr. McSwain as an expert witness at trial. Fed. R. Civ. P. 16(f)(1)(C); 37(b)(2), (c)(1).

**3.     Defendant UPR Products, Inc.'s Motion To Suspend 90-Day Expert Witness Report Filing Pending Decision On Defendant's Motion To Dismiss (Docket no. 50)**

Defendant asks the Court to suspend the 90-day expert witness report filing deadline pending the decision on its Motion to Dismiss. Defendant's expert witness reports were due on August 18, 2010, 90 days prior to the November 16, 2010 date of trial. (Docket no. 39). Defendant filed this motion on August 18, 2010, within the deadline for producing expert witness reports. Plaintiff has reduced its number of expert witnesses from four, which were named at the March 10, 2010 hearing, to one, Mr. McSwain, as set forth in Plaintiff's Response to Defendant's Motion to Exclude Plaintiff's Expert Witnesses And To Dismiss The Action. (Docket no. 42). As set forth above, Mr. McSwain will be stricken as an expert witness. The Court notes that good cause to extend the scheduling order exists in this instance. Trial is currently scheduled for February 8, 2011. (Docket

5

no. 59). The Court will extend the date for Defendant to produce its expert reports to December 23, 2010. The parties will complete depositions of Defendant's expert witnesses on or before January 18, 2011. Any evidence intended to rebut or contradict the expert reports and/or testimony must be disclosed on or before January 24, 2010. Fed. R. Civ. P. 26(a)(2)(D)(ii).

The Court will deny Defendant's request for attorneys fees and costs. Fed. R. Civ. P. 37(a)(5)(A)(iii).

**IT IS THEREFORE ORDERED** that Defendant UPR Products, Inc.'s Motion To Exclude Plaintiff's Expert Witnesses And To Dismiss The Action Due To Plaintiff's Failure To Comply With This Court's Recent Discovery Order (docket no. 42) is GRANTED in part and DENIED in part. Defendant's request to dismiss is DENIED. Defendant's request to exclude Bob McSwain from testifying as an expert witness is GRANTED and Plaintiff will not be allowed to use Bob McSwain as an expert witness at trial.

**IT IS FURTHER ORDERED** that Defendant UPR Products, Inc.'s Motion To Suspend 90-Day Expert Witness Report Filing Pending Decision On Defendant's Motion To Dismiss (docket no. 50) is GRANTED and Defendant will produce its expert reports on or before December 23, 2010. The parties will complete depositions of Defendant's expert witnesses on mutually convenient dates on or before January 10, 2011. Any evidence intended to rebut or contradict the expert reports and/or testimony must be disclosed on or before January 24, 2010.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 9, 2010                         s/ Mona K. Majzoub
                                                     MONA K. MAJZOUB
                                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 9, 2010                         Lisa C. Bartlett
                                                     Case Manager